**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

WILLIAM C. BURNHAM,

    Plaintiff,

    v.

DAHLONEGA PHARMACY, INC.,

    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
2:08-CV-207-RWS

## **ORDER**

This case is before the Court for a Frivolity Review pursuant to 28 U.S.C. § 1915(e)(2)(B) [Dkt. No. 2] and for ruling on Plaintiff's Motion to Appoint Counsel [Dkt. No. 4]. After reviewing the entire record, the Court enters the following Order.

### **Background**

Plaintiff William C. Burnham has filed suit against Defendant Dahlonega Pharmacy, Inc., for alleged violations of Title III of the Americas with Disabilities Act, 42 U.S.C. § 12181 (hereinafter "the ADA"), the Rehabilitation Act, 29 U.S.C.§ 794, and various statutes found in the Georgia Code pertaining to rights of disabled persons. In his complaint, Mr. Burnham alleges that

Defendant has been and is in violation of federal and state disability laws and that it has failed to comply with federal and state statutes because the pharmacy is not accessible to individuals with mobility impairments who require wheelchairs and ambulatory devices.

Plaintiff alleges that Dahlonega Pharmacy is subject to the ADA as a private entity operating a place of public accommodation. Plaintiff further alleges that he has attempted to access the pharmacy, but encountered several barriers that violated requirements under the ADA and state law. Plaintiff also indicates that there has been a failure to remove architectural barriers even where it would be "readily achievable" to do so. 42 U.S.C. § 12182(b)(2)(A). The case comes before the court for a frivolity review, and for a ruling on Plaintiff's Motion to Appoint Counsel.

## Analysis

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the

2

complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Additionally, a complaint that is grounded on fanciful, delusional, or fantastic allegations is indisputably meritless and, consequently, frivolous. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Where a court lacks jurisdiction to hear an action, the claim is considered frivolous. See Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999). A claim is also frivolous where the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Neitzke, 490 U.S. at 327. If an affirmative defense such as a statute of limitation would defeat a claim, that claim may also be frivolous. Clark v. Ga. Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

After careful consideration of Plaintiff's Complaint, the Court concludes that Plaintiff's claims are not frivolous. The Court does not lack jurisdiction over the claims asserted, and the facts, as alleged, support Plaintiff's claims. For this reason, the Court concludes that Plaintiff's suit is not a frivolous one.

Plaintiff also moves the court to appoint counsel, [Dkt. No. 4]. Plaintiff contends that "the proper administration of justice would best be served in this

3

case if an attorney were appointed to represent [] Plaintiff." Pl.'s Mot. to Appoint Counsel, [Dkt. No. 4] at 1. Under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent plaintiffs, but only in exceptional circumstances. See <u>Wills v. Postmaster General</u>, 300 Fed. Appx. 748, 750 n.1 (11th Cir. 2008); <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir.1999). Here, the Court finds that the facts and legal issues relating to Plaintiff's claims are not so novel or complex as to constitute exceptional circumstances warranting appointment of counsel. For this reason, the Court hereby **DENIES** Plaintiff's Motion to Appoint Counsel [Dkt. No. 4].

Finally, Plaintiff asks the Court to provide him with indigent access to Pacer services, which allow a person to access federal court records for a fee. [Dkt. No. 4]. Plaintiff claims that such access would allow him to be apprised of information in the instant case. As the Clerk of Court and/or the Defendants are required to send Petitioner a copy of any pleadings filed in this case, any such access is not necessary. Thus, the Court **DENIES** Plaintiff's request. [Dkt. No. 4].

AO 72A
(Rev.8/82)

## Conclusion

Plaintiff's claims have passed the Court's 28 U.S.C. § 1915(e)(2)(B) frivolity review [Dkt. No. 2]. It is therefore **ORDERED** that these claims are allowed to **PROCEED** like any other civil action.

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each

5

Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each

Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

Plaintiff's Motion to Appoint Counsel and to Waive Pacer Fees [Dkt. No. 4] is hereby **DENIED**.

**SO ORDERED**, this   15th   day of April, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)